FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2006 JUL 27 I P 4: 02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TYRONE BAZZLE,

    Petitioner,

v.                                    Case No.: 3:05-cv-503-J-20HTS
                                           3:03-cr-320-J-20HTS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. No. 1, filed June 6, 2006). The United States responded in opposition on July 5, 2005. (Doc. No. 13, filed September 12, 2005). Petitioner then filed a Reply on October 7, 2005. (Doc. No. 14). On Tuesday July 18, 2006 the Court conducted an evidentiary hearing. As discussed below in detail, Petitioner's Motion (Doc. No. 1) is **DENIED**.

As an initial matter, one of the grounds proposed by Petitioner[1] to vacate his sentence - namely, that the trial court erred in denying his motion to suppress - is procedurally barred. A motion to vacate a sentence under § 2255 is a collateral attack upon the judgment and "may not be a surrogate for a direct appeal." Lynn v. U.S., 365 F.3d 1225, 1232 (11th Cir. 2004); United States v. Frady, 456 U.S. 152, 165 (1982). As a result, defendants must generally assert all

---

[1] Petitioner's legal name is "Charles Williams," however, this case has been litigated under his alias, "Tyrone Bazzle." The Court will simply refer to him as "Petitioner." However, references to either "Tyrone Bazzle" or "Charles Williams" in the transcripts of various proceedings cited herein are accepted as referring to Petitioner.

1

available claims and defenses on direct appeal, Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994), and can only seek collateral relief from the judgment for constitutional or jurisdictional errors. United States v. Pierce, 959 F.2d 1297, 1300-02 (5th Cir. 1992); United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981). A non-constitutional or non-jurisdictional error "that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error 1) could not have been raised on direct appeal and 2) would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232-33 (11th Cir. 2004); Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). Petitioner's claim that the trial court abused its discretion in denying his motion to suppress is non-constitutional, non-jurisdictional, and could have been raised in a direct appeal. As such, it is not the proper subject of a collateral attack under § 2255.

Petitioner also makes various attempts to establish ineffective assistance of counsel. Under the firmly established two-prong test for claims of ineffective assistance of counsel, a Defendant must demonstrate not only that his counsel's service was deficient, but also that the deficient representation prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984); Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994).

Petitioner first claims that his court-appointed trial counsel, Mr. Maurice Grant, II, Esq., was constitutionally deficient because Mr. Grant wrongly advised Petitioner not to proceed to trial and testify that Petitioner had no knowledge of the drugs, when Petitioner had already testified at the suppression hearing that he knowingly brought drugs onto the train. While Petitioner is correct that a prosecutor cannot use a defendant's testimony at a suppression hearing as evidence of guilt at a subsequent trial, Simmons v. United States, 390 U.S. 377 (1968), the

2

United States correctly pointed out that a prosecutor may use that testimony to impeach a defendant if his trial testimony contradicts his testimony at the suppression hearing. United States v. Quesada-Rosadal, 685 F.2d 1281, 1283 (11th Cir. 1982). As Petitioner testified under oath at the suppression hearing that he knowingly brought drugs onto the train, use of that testimony against him at trial would likely be quite damaging to his case. Thus, it was not unreasonable or incorrect for Mr. Grant to advise Petitioner not to proceed to trial. Because Mr. Grant's advice was a reasonable one tactically, Petitioner cannot establish prejudice to his defense and cannot, therefore, demonstrate ineffective assistance of counsel.

It is also worth mentioning that the record reveals that Petitioner was aware that, despite his testimony at the suppression hearing, he had the right to proceed to trial. During his change of plea hearing, Petitioner was asked whether he understood that he could proceed to trial, confront witnesses against him, present defenses, and enjoy certain constitutional protections. (Doc. No. 52 at pp. 10-12). To all of these questions, Petitioner answered that he did, in fact, understand. Id. The undersigned then specifically asked Petitioner "do you understand that if you plead guilty to a charge, in effect, what you're saying is, look, I don't want to force the government to have to go through this trial, so you waive and give up your right to trial....Do you understand that a plea of guilty waives your defenses?" (Doc. No. 52 at pp. 11-12). To this question, Petitioner again responded "Yes, your Honor." (Doc. No. 52 at p. 12). Thus, Petitioner's claim that he unknowingly gave up his right to proceed to trial is belied by the record.

Petitioner also contends that Mr. Grant was ineffective by incorrectly informing Petitioner that he had preserved for appeal the denial of the suppression motion and by actually failing to

file a notice of appeal as to the denial of Petitioner's motion to suppress. As these two grounds are related and were the subject of the July 18, 2006 evidentiary hearing, the Court will discuss them together. On both counts, Petitioner's claims of ineffective assistance of counsel must fail.

First, when he pled guilty to both counts of the indictment, Petitioner waived his right to appeal the adverse suppression determination. At his change of plea hearing, the Court specifically inquired of Petitioner: "Do you also understand and you've had a Motion to Suppress that has been denied, but that there may be other ways to challenge the evidence that the government has acquired against you, but if you plead guilty, you waive and give those up?" (Doc. No. 52 at p. 13). Petitioner responded "Yes, sir." Id. Later, at the sentencing proceeding, the Court inquired of Petitioner's counsel: "So he still has preserved the right to appeal the suppression issue if he wants or did he give up his rights?" (Doc. No. 53 at p. 4). Mr. Grant responded "[h]e gave up that right, Your Honor, because that's part of the entering of the plea. We did not reserve conditionally or anything." Id. Petitioner did not object or make any comments at all, but rather continued with the sentencing proceeding. The record indicates that Petitioner waived his right to appeal the adverse suppression determination and it was, therefore, not constitutional error for Mr. Grant to fail to file a notice of appeal on the waived issue.

Notwithstanding the waiver, Petitioner argues that Mr. Grant told him that he could still appeal the denial of his motion to suppress after entering a guilty plea and that Petitioner believed all along that Mr. Grant was planning to file a notice of appeal after sentencing. At the July 18, 2006 evidentiary hearing, Petitioner testified under oath that Mr. Grant told him that he could still appeal the suppression determination after pleading guilty and that after sentencing, Mr. Grant informed Petitioner that he was in the process of filing an appeal. Petitioner also

testified that he only answered the Court's questions the way he did - i.e., asserting that he knew and understood the rights he was waiving by pleading guilty - because Mr. Grant advised him to do so to get through the procedure and they would appeal later. Mr. Grant, in contrast, testified under oath that he never told Petitioner that he could appeal the suppression ruling after pleading guilty, never advised Petitioner to answer the Court's questions in a certain way merely to get through the proceeding, and never told Petitioner after sentencing that he, Mr. Grant, was in the process of filing a notice of appeal as to the suppression issue. In fact, Mr. Grant testified that the first time he ever heard anything about an appeal, was on March 10, 2005 - almost eight months after sentencing - when he received a letter from the Court forwarding a letter it had received from Petitioner, in which he complained that his attorney had not filed an appeal.

As the testimony of Petitioner and Mr. Grant are diametrically opposed, the Court must make a credibility determination. See United States v. Gonzales, 71 F.3d 819, 828 (11th Cir. 1996). As Magistrate Judge Snyder recognized in his Report and Recommendation on Petitioner's motion to suppress, "Mr. Williams has been shown to have a willingness to lie in order to prevent himself from getting into trouble, having used several aliases in the past in order to conceal his identity." (Doc. No. 39, filed January 8, 2004). Moreover, Petitioner has two prior felony convictions in addition to the felony conviction at issue in this case.

Most importantly, Petitioner testified under oath at the July 18, 2006 evidentiary hearing that he lied to the Court under oath during his change of plea hearing. Specifically, at the January 29, 2004 change of plea hearing, Petitioner was first instructed on the significance of the oath. The Court informed Petitioner that "if you try to attack any judgment, conviction or sentence that might result from [the change of plea] proceedings, the statements that you make

now can be used as evidence against you." (Doc. No. 52 at p. 4). The Court elaborated by telling Petitioner that if he subsequently tried to challenge the change of plea proceedings, "[the Court] can use your solemn statement under oath today to throw out any allegation that you might make in the future." Id. at p. 5. Heeding this advice, Petitioner took the oath and made solemn statements that he understood that he was waiving his right to appeal the suppression ruling. Petitioner testified at the July 18, 2006 evidentiary hearing that his prior sworn statements were lies to the Court.

The Court is presented with a situation in which Petitioner was either lying under oath at his change of plea hearing in January of 2004 or he was lying under oath at the July 2006 evidentiary hearing. Under either avenue, Petitioner has demonstrated his willingness to betray a solemn oath and lie to the Court when it benefits him. The Court cannot credit Petitioner's testimony to the extent it conflicts with that of Mr. Grant and thus, the Court finds that Petitioner was lying at the July 2006 evidentiary hearing when he testified that Mr. Grant told him that he could appeal the suppression determination.

The Court likewise rejects Petitioner's claims regarding the filing of a notice of appeal. Mr. Grant testified unequivocally at the July 2006 evidentiary hearing that he never told Petitioner that he would file a notice of appeal, Petitioner never asked him to file a notice of appeal, and that he and Petitioner never discussed an appeal of the suppression determination after Petitioner was sentenced. Mr. Grant's testimony is supported by his time sheets, which were entered into evidence as Government's Exhibit 3. Mr. Grant testified that he always makes notations in his time records when either he suggests filing an appeal to a client or when a client asks him to file an appeal. Mr. Grant testified that if he had discussed appealing the suppression

ruling with Petitioner, he would have noted such in his time records of Petitioner's case. However Exhibit 3 does not contain any notes indicating that Mr. Grant and Petitioner discussed an appeal. In fact, the records do not even include the word "appeal" until the date of March 10, 2005, nearly eight months after Petitioner was sentenced, when Mr. Grant received the Court's letter forwarding to him the letter from Petitioner complaining about Mr. Grant's failure to file an appeal. The Court finds Mr. Grant's testimony credible and concludes that Mr. Grant did not tell Petitioner that he would file a notice of appeal after the sentencing and that Mr. Grant did not tell Petitioner that he was in the process of appealing the adverse suppression ruling. Petitioner's claims to the contrary are rejected. Therefore, Petitioner has not established ineffective assistance of counsel on the part of Mr. Grant.

As the Court finds all of Petitioner's proffered bases for vacating his sentence to be either procedurally barred or without merit, his § 2255 Petition (Doc. No. 1) is **DENIED**. The civil case, 3:05-cv-503-J-20HTS is **DISMISSED WITH PREJUDICE** and Judgment shall be entered in favor of Respondent, the United States of America. The Clerk shall furthermore close the files in both the civil and criminal cases.

**DONE AND ENTERED** at Jacksonville, Florida, this 27 day of July, 2006.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:

Don Pashayan, AUSA
Wade Martin Rolle, Esq.